Filed 6/26/15  P. v. Burgin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051045 |
| v. | (Super. Ct. No. 09ZF0073) |
| MICHAEL DENNIS BURGIN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In a prior opinion (*People v. Burgin et al.* (Nov. 26, 2013, G046982, G047004) [nonpub. opn.] (*Burgin I*)), this court affirmed a judgment against defendant Michael Dennis Burgin. By this judgment, defendant suffered six convictions in connection with two separate jewelry store heists: two counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c));[1] two counts of second degree commercial burglary (§§ 459, 460, subd. (b)); and two counts of street terrorism (§ 186.22, subd. (a)). Criminal street gang (§ 186.22, subd. (b)(1)) and weapon (§ 12022.53, subds. (b), (e)(1)) enhancements were found true as to the robbery and burglary counts. Defendant admitted to two prior felony strike convictions (§§ 667, subds. (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A)) and two prior serious felony convictions (§ 667, subd. (a)(1)). The court sentenced defendant to 50 years to life in prison, consisting of consecutive 25 years to life sentences on the second degree robbery counts plus a determinate sentence of 40 years based on various enhancements. The facts and procedural history of the underlying case are set forth fully in *Burgin I*.

On October 14, 2014, defendant filed, in propria persona, a petition for resentencing pursuant to section 1170.126. In a fill-in-the-blank style form petition, defendant represented that he was "currently serving a term in state prison as a third strike offender of at least 25 years to life, based on the conviction of a non-serious and non-violent felony . . . ." The court found that defendant's petition was an ex parte communication; moreover, defendant was not eligible for resentencing under section 1170.126 because the offenses for which he is serving life terms are serious or violent felonies.

Defendant appealed the postjudgment order and we appointed counsel to represent him. Counsel did not argue against defendant, but advised the court he was unable to find an issue to argue on defendant's behalf. (*People v. Wende* (1979) 25

---

[1] All statutory references are to the Penal Code.

Cal.3d 436.)  Defendant was given an opportunity to file written argument on his own behalf, but he did not do so.

To assist the court in its independent review of the record (*Anders v. California* (1967) 386 U.S. 738), appointed counsel suggests we consider one issue, to wit, whether defendant is entitled to resentencing under section 1170.126.  We have independently reviewed the entire record, including portions applicable to the potential issue suggested by counsel, and we are unable to find an arguable appellate issue.

DISPOSITION

The postjudgment order is affirmed.

IKOLA, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

FYBEL, J.